IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-72,962-02




EX PARTE RANDELL WADE FREE, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 20110D00727-120-1 IN THE 120TH DISTRICT COURT
FROM EL PASO COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to failure to comply
with sex offender registration requirements, and was sentenced to seven years’ imprisonment. He
did not appeal his conviction.
            Applicant contends that his trial counsel rendered ineffective assistance because counsel
failed to investigate Applicant’s history of mental health issues before allowing him to plead guilty
to this offense. Applicant alleges that he advised counsel that he had a history of mental health
issues, and that he had not been on his medication at the time of the offense. Applicant alleges that
he asked counsel to contact Applicant’s case worker and psychiatrist, but that counsel failed to do
so. Applicant alleges that counsel failed to have him evaluated for “competency,” but it appears
from his allegations that he is actually claiming that counsel should have had him evaluated for
sanity at the time of the offense. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant’s claims of ineffective assistance of counsel. 
Specifically, counsel shall state whether he was advised by Applicant or learned from any other
source that Applicant suffered from mental health issues. If so, counsel shall state whether he
investigated the possibility that Applicant was insane at the time of the offense, or considered having
Applicant evaluated for sanity prior to allowing him to plead guilty. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant’s trial counsel was deficient and, if so, whether counsel’s deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim for
habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: April 9, 2014
Do not publish